Filed 4/29/25 In re S.M. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re S.M. et al., Persons Coming Under the Juvenile Court Law. | |
| IMPERIAL COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A.T., <br><br> Defendant and Appellant. | D085279 <br><br> (Super. Ct. Nos. JJP001004 & JJP001005) |

APPEAL from orders of the Superior Court of Imperial County, William D. Quan, Judge. Conditionally reversed and remanded with directions.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant.

Eric R. Havens, County Counsel, Mistelle Abdelmagied, Assistant County Counsel, and Kelly Ranasinghe, Deputy County Counsel, for Plaintiff and Respondent.

1

A.T. (Mother) appeals from orders issued on December 9, 2024 in the juvenile dependency cases of her children, S.M. and L.M., denying her Welfare and Institutions Code[2] section 388 modification petitions and terminating her parental rights pursuant to section 366.26. Mother's sole contention on appeal is that the Imperial County Department of Social Services (Department) did not comply with its initial inquiry duties under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and section 224.2. The parties agree that the Department's initial ICWA inquiry was deficient because the Department failed to ask extended family members, including a maternal aunt, a maternal great-uncle, and maternal cousins, about the possibility of the children's Indian ancestry even though it had multiple contacts with them. (§ 224.2, subd. (b); *In re Y.W.* (2021) 70 Cal.App.5th 542, 556 [The point of asking other relevant individuals about possible Indian ancestry is "to obtain information the parent may not have."].) The parties further agree that the orders should be conditionally reversed and the matter remanded for the Department to comply with its duties of inquiry. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1136–1137.)

Because substantial evidence does not support the juvenile court's findings that reasonable inquiry had been made into the children's possible Indian ancestry, we conditionally reverse the orders denying Mother's section 388 petitions and the orders terminating parental rights with a

[1]     We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application." (Cal. Stds. Jud. Admin., § 8.1(1).)

[2]     All undesignated statutory references are to the Welfare and Institutions Code.

limited remand for the Department to comply with its duties of inquiry under ICWA and section 224.2. (*In re Dezi C., supra*, 16 Cal.5th at pp. 1136–1137.)

## DISPOSITION

The juvenile court's orders issued on December 9, 2024 denying Mother's section 388 petitions and terminating parental rights are conditionally reversed and the matter is remanded to the juvenile court with directions that the Department comply with the inquiry provisions of ICWA and section 224.2. If, after completing ICWA inquiry, neither the Department nor the juvenile court has reason to know that S.M. or L.M. is an Indian child, the orders entered at the section 366.26 hearing shall be immediately reinstated. If the Agency or juvenile court has reason to know that one or both are Indian children, the court shall proceed accordingly.

DATO, Acting P. J.

WE CONCUR:


DO, J.


KELETY, J.

3